**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ALEX SOLIS, | ) | NO. CV 14-8620-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on November 13, 2014, seeking review of the Commissioner's denial of benefits. The parties consented to proceed before a United States Magistrate Judge on December 29, 2014. Plaintiff filed a motion for summary judgment on April 14, 2015.

Defendant filed a motion for summary judgment on May 14, 2015. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed November 13, 2014.

**BACKGROUND**

Plaintiff, a former clerk, painter and housekeeper, asserts disability since March 8, 2006, based on exertional and non-exertional impairments (Administrative Record ("A.R.") 23, 71-92, 189). The Administrative Law Judge ("ALJ") found Plaintiff suffers from several severe impairments, but retains the residual functional capacity to perform a limited range of light work (A.R. 25-26). In defining Plaintiff's functional capacity, the ALJ purported to adopt the opinions of Dr. Gregory Lercel, Plaintiff's treating orthopedist (A.R. 29). The ALJ stated:

> I have given great weight to the opinion of Dr. Lercel. He is the claimant's attending physician. He is a specialist in orthopedics. His opinion is supported by his course of treatment and objective findings contained in his progress notes. . . . I have incorporated his findings into the claimant's maximum sustained residual functional capacity. . . . I have adopted the exertional and non-exertional limits as endorsed by attending orthopedic physician Lercel (A.R. 29).

In fact, for reasons nowhere specifically explained in the ALJ's decision, the ALJ did not adopt certain of Dr. Lercel's opinions

2

regarding Plaintiff's functional limitations, including Dr. Lercel's opinions that Plaintiff would have to shift positions at will, walk for 10 minutes after every 90 minutes of work, and be absent from work approximately one day per month (Compare A.R. 26 (the residual functional capacity defined by the ALJ) with A.R. 437-38 (the opinions of Dr. Lercel)).[1]

The ALJ determined that Plaintiff could not perform his past relevant work (A.R. 29). In reliance on the testimony of a vocational expert, however, the ALJ identified other jobs performable by a person having the residual functional capacity the ALJ found to exist (A.R. 30-31, 92-93). The ALJ therefore denied disability benefits (A.R. 31). The Appeals Council denied review (A.R. 5-7).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to

---

[1] The residual functional capacity defined by the ALJ also failed to adopt Dr. Lercel's opinions that Plaintiff can stand and walk "less than 2 hours," lift 10 pounds only "occasionally" and lift 20 pounds only "rarely" (Compare A.R. 26 with A.R. 437).

3

1 | support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401
2 | (1971) (citation and quotations omitted); <u>see also</u> <u>Widmark v.</u>
3 | <u>Barnhart</u>, 454 F.3d 1063, 1066 (9th Cir. 2006).
4 |
5 |   If the evidence can support either outcome, the court may
6 |   not substitute its judgment for that of the ALJ.  But the
7 |   Commissioner's decision cannot be affirmed simply by
8 |   isolating a specific quantum of supporting evidence.
9 |   Rather, a court must consider the record as a whole,
10 |   weighing both evidence that supports and evidence that
11 |   detracts from the [administrative] conclusion.
12 |
13 | <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and
14 | quotations omitted).
15 |
16 | **DISCUSSION**
17 |
18 |  Plaintiff contends, <u>inter alia</u>, the ALJ materially erred with
19 | respect to the opinions of Dr. Lercel.  For the reasons discussed
20 | herein, the Court agrees.  Remand for further administrative
21 | proceedings is appropriate.
22 |
23 |  A treating physician's conclusions "must be given substantial
24 | weight."  <u>Embrey v. Bowen</u>, 849 F.2d 418, 422 (9th Cir. 1988); <u>see</u>
25 | <u>Rodriguez v. Bowen</u>, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must
26 | give sufficient weight to the subjective aspects of a doctor's
27 | opinion. . . .  This is especially true when the opinion is that of a
28 | treating physician") (citation omitted); <u>see also</u> <u>Orn v. Astrue</u>, 495

1 F.3d 625, 631-33 (9th Cir. 2007) (discussing deference owed to
2 treating physician opinions). Even where the treating physician's
3 opinions are contradicted,[2] "if the ALJ wishes to disregard the
4 opinion[s] of the treating physician he . . . must make findings
5 setting forth specific, legitimate reasons for doing so that are based
6 on substantial evidence in the record." Winans v. Bowen, 853 F.2d
7 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted);
8 see Rodriguez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the
9 treating physician's opinion, but only by setting forth specific,
10 legitimate reasons for doing so, and this decision must itself be
11 based on substantial evidence") (citation and quotations omitted).

As detailed in the "Background" section, supra, the ALJ's decision purported to adopt Dr. Lercel's opinions regarding Plaintiff's limitations, but actually defined a residual functional capacity inconsistent with those opinions. At least two possibilities exist: (1) the ALJ intended to adopt all of Dr. Lercel's limitations into the residual functional capacity assessment but wrote a decision that failed to implement this intent; or (2) the ALJ intended to reject certain of Dr. Lercel's limitations, but wrote a decision that: (a) claimed to adopt all of Dr. Lercel's limitations, and (b) failed to offer any specific explanation for the implicit rejection of certain of Dr. Lercel's limitations.

///

---

[2] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

5

Under the first possibility, the residual functional capacity defined in the ALJ's decision and incorporated into the hypothetical question posed to the vocational expert would be in factual error. Such an error could be material. Where a hypothetical question fails to "set out all of the claimant's impairments," the vocational expert's answers to the question cannot constitute substantial evidence to support the ALJ's decision. See, e.g., DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991); Gamer v. Secretary, 815 F.2d 1275, 1280 (9th Cir. 1987); Gallant v. Heckler, 753 F.2d at 1456.

Under the second possibility, the ALJ's implicit, unexplained rejection of certain of Dr. Lercel's limitations would constitute legal error. See Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990) (implicit rejection of treating physician's opinion cannot satisfy Administration's obligation to set forth "specific, legitimate reasons"); see also Lingenfelter v. Astrue, 504 F.3d 1028, 1038 n.10 (9th Cir. 2007) (the ALJ cannot avoid the requirement of setting forth "specific legitimate reasons" by failing to mention the treating physician's opinion and making findings contrary to it).[3] Such an error also could be material. McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011) (error not harmless where "the reviewing court can determine from the 'circumstances of the case' that further administrative review is needed to determine whether there was

---

[3] Defendant suggests reasons allegedly supporting the implicit rejection of certain of Dr. Lercel's opinions (Defendant's Motion at 6-7). However, the Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001).

prejudice from the error"); see also Garcia v. Commissioner, 768 F.3d 925, 932-34 (9th Cir. 2014) (a failure to develop the record is not harmless unless it is "clear from the record" that the error was "inconsequential to the ultimate nondisability determination"; citing Tommasetti v. Astrue, 533 F.3d 1035 (9th Cir. 2008)).

Remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. McLeod v. Astrue, 640 F.3d at 888; see also INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances); Treichler v. Commissioner, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) (remand for further administrative proceedings is the proper remedy "in all but the rarest cases"); Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014) (court will credit-as-true medical opinion evidence only where, inter alia, "the record has been fully developed and further administrative proceedings would serve no useful purpose"); Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record"); Rodriguez v. Astrue, 2011 WL 1103119, at *9 (E.D. Cal. March 22, 2011) ("remand for further proceedings is proper due to the ambiguity of the ALJ's decision . . ."); Mingo v. Apfel, 1998 WL 373411, at *2 (D. Kan. July 1, 1998) (remand necessary where the Administration conceded the ALJ's findings were internally inconsistent). It is not clear that the ALJ would be required to find Plaintiff disabled for the entire claimed period of

7

disability even if the rejected medical opinions were fully credited. See Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010); see also Garcia v. Commissioner, 768 F.3d at 932.

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 26, 2015.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with the directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that [Plaintiff] is in fact disabled." See Garrison v. Colvin, 759 F.3d at 1021.

8